IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN DUNN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BUCKS COUNTY COMMUNITY | : | |
| COLLEGE, et al. | : | No. 13-6726 |
| Defendants. | : | |

**MEMORANDUM OPINION**

**Timothy R. Rice**                                                                                  May 21, 2014
**U.S. Magistrate Judge**

      Plaintiff Joan Dunn asserts the following claims in her Amended Complaint: (1) violations of 42 U.S.C. § 1981, pursuant to 42 U.S.C. § 1983, for race discrimination, hostile work environment, and retaliation against Defendants Bucks County Community College ("Bucks"), Tracey Donaldson, and Linda Fossler; (2) violations of the Age Discrimination in Employment Act ("ADEA") for age discrimination, hostile work environment, and retaliation against Bucks; and (3) violations of the Pennsylvania Human Relations Act ("PHRA") for age discrimination and retaliation against Bucks and Fossler.  Am. Compl. (doc. 12).

      Defendants filed a partial motion to dismiss Dunn's Amended Complaint, based on Dunn's failure to: (1) state a plausible hostile work environment claim based on her race; (2) exhaust her administrative remedies or plead a plausible hostile work environment claim based on age; and (3) assert her claims within the appropriate statute of limitations.[1]  See Defs.' Br. (doc. 13).

---

[1]     Defendants withdrew their argument that Dunn cannot asserted a § 1981 claim against Bucks, a state actor.  Defs.' Reply (doc. 16) at 1.

Dunn has alleged a plausible race-based and age-based hostile work environment claims. She also administratively exhausted her age-based hostile work environment claim. To the extent that any of Dunn's claims are not brought within the applicable statute of limitations, however, they are dismissed. Thus, I grant, in part, and deny, in part, Defendants' partial motion to dismiss. I further grant Dunn 14 days to file a second amended complaint to sufficiently allege the applicability of the continuing violation doctrine, which allows a hostile work environment claim to be asserted at any time, if the earlier violations are linked to violations that occurred within the applicable limitations period. See Mandel v. M & Q Packaging Corp., 706 F.3d 157, 165 (3d Cir. 2013).

## I.     Standard of Review

In filing a complaint, a plaintiff must allege a facially plausible claim "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The complaint must set forth direct or inferential allegations with regard to all the material elements necessary to sustain recovery under some viable legal theory. Twombly, 550 U.S. at 552.

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, I must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Grammer v. John J. Kane Reg'l Ctrs.-Glen Hazel, 570 F.3d 520, 523 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). I need not, however, credit a plaintiff's legal conclusions or "threadbare recitals of the elements of a cause of action

supported by mere conclusory statements." Iqbal, 556 U.S. at 678.  To determine the sufficiency of a complaint, I must: (1) take note of the elements a plaintiff must plead to state a claim; (2) identify the allegations that are mere conclusions, not entitled to an assumption of truth; and (3) assume the veracity of well-pled factual allegations and determine whether they plausibly give rise to an entitlement to relief.  Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)).

**II.   Discussion**

Hostile Work Environment Based on Race

Defendants argue Dunn failed to state a claim under § 1981 for a hostile work environment based on race.  Defs.' Br. at 8-11.  To establish a hostile work environment claim under § 1981, a plaintiff must prove: (1) she suffered intentional discrimination because of her race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) the existence of respondeat superior liability.  Mandel, 706 F.3d at 167 (citing Jensen v. Potter, 435 F.3d 444, 449 (3d Cir. 2006), overruled on other grounds); see White v. City of Phila., No. 11-4197, 2012 WL 28074, at *4 (E.D. Pa. Jan. 5, 2012) ("§ 1981 claim for hostile work environment must satisfy the same elements as a hostile work environment claim under Title VII of the Civil Rights Act of 1964.").

Dunn, an African-American woman, claims Defendants' management would consistently make discriminatory and derogatory comments about her race, "including, but not limited to" calling her "ghetto."  Am. Compl. at ¶ 18.  She claims her supervisor, Fossler, said she knows what it is like "for people in the hood" and that "black people get too offended."  Id.  Dunn further asserts she was "talked to abruptly, treated in a generally demeaning and condescending

manner, and treated in a disparate manner with respect to other terms and conditions as compared to her younger, non-black co-workers (including but not limited to being issued unwarranted discipline for things that [Dunn's] younger, non-black co-workers were not disciplined for)." Id. at ¶ 20. Taking these allegations as true, and construing them in a light most favorable to Dunn, she has alleged sufficient facts for a plausible hostile work environment claim based on race.

Although Defendants argue that Dunn failed to allege when or how often the comments were made, Defs.' Br. at 9-10, Dunn stated in the Amended Complaint that the conduct occurred while she was under Fossler's supervision for the three years before to her termination. Am. Compl. at ¶ 17. Such allegations are sufficient to support Dunn's claim. See Sadler v. Cnty. of Bedford, No. 3:12-133, 2013 WL 3071743, at *5 (W.D. Pa. June 18, 2013) (denying motion to dismiss even though timing of discrimination unclear because, in a light most favorable to plaintiff, there were more than "isolated incidents"). At this early stage of litigation, Dunn is not required to prove her hostile work environment claim. Rather, she must allege only a facially plausible claim.

Defendants also argue Dunn has failed to assert allegations that were severe or pervasive. Defs.' Br. at 10. I disagree. "[T]he Third Circuit has been liberal in its treatment of 'pervasive' and 'regular,' especially in light of Rule 8(a) of the Federal Rules of Civil Procedure." Gupta v. Sears, Roebuck & Co., No. 07-243, 2007 WL 2253609, at *5 (W.D. Pa. Aug. 3, 2007); see Bethea v. Merchants Commercial Bank, No. 11-51, 2011 WL 4861873, at *6 (D.V.I. Oct. 13, 2011) ("Courts in the Third Circuit have been reluctant to dismiss a complaint at the 12(b)(6) stage when the primary challenge is whether or not the conduct in question is severe or pervasive" because that "fact-intensive analysis [is] more suitable to summary judgment." (citing

Grasty v. World Flavors, Inc., No. 11-1778, 2011 WL 3515864, at *9 n.2 (E.D. Pa. Aug. 11, 2011)); Sadler, 2013 WL 3071743, at *5 ("Whether the allegations contained in Plaintiff's Complaint are ultimately sufficient to prove that the discrimination was 'severe or pervasive' is a question properly reserved for summary judgment and trial."). Viewed in a light most favorable to Dunn, her allegations are sufficient to allege severe and pervasive discrimination.

Hostile Work Environment Based on Age

Defendants argue that Dunn's hostile work environment claim based on age should be dismissed due to her failure to exhaust administrative remedies or state a plausible claim.[2] Defs.' Br. at 11-18.

A plaintiff must exhaust administrative remedies before bringing suit under the ADEA and PHRA by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or Pennsylvania Human Rights Commission ("PHRC"). See Snyder v. Baxter Healthcare, Inc., 393 F. App'x 905, 908 (3d Cir. 2010); Eldridge v. Municipality of Norristown, 828 F. Supp. 2d 746, 758 (E.D. Pa. 2011) aff'd, 514 F. App'x 187 (3d Cir. 2013). "The purpose of this administrative exhaustion requirement is to put the EEOC on notice of the plaintiff's claims and afford it 'the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court.'" Webb v. City of Phila., 562 F.3d 256, 262 (3d Cir. 2009) (quoting Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996)). "'[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the [EEOC].'" Mandel, 706 F.3d at 163 (quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d

---

[2] Defendants do not challenge Dunn's exhaustion of her age or race discrimination or retaliation claims.

Cir. 1976)). "Courts have allowed claims not specifically mentioned in the EEOC charge 'where there was a close nexus between the facts supporting the claims raised in the charge and those in the complaint.'" Smiley v. Daimler Chrysler, 538 F. Supp. 2d 711, 720 (D. Del. 2008) (quoting Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984) and Ostapowicz, 541 F.2d at 398-99).

Dunn filed an EEOC charge, dually-filed with the PHRC, and checked the boxes for age discrimination and retaliation, but not hostile work environment.[3] Dunn averred in her charge that towards the end of her employment "[she] believed [she] was being singled out based on [her] age in many ways;" [Fossler] was commenting that [she] was too old;" and that she was "terminated based upon [her] age and expressed concerns that [she] was being treated unfairly because of [her] age." Pl.'s Br. (doc. 14) at 12 (quoting Dunn's EEOC Charge).

Dunn's hostile work environment claim based on age was fairly within the scope of these allegations. Dunn's statements show that the comments were more than isolated instances, but ongoing conduct by a supervisor, particularly with Fossler's age comments. These allegations should have put the EEOC on notice of her hostile work environment claim. See Mandel, 706 F.3d at 163; Webb, 562 F.3d at 262. The allegations as to the frequency of the remarks also are similar to those alleged in her civil complaint. See Am. Compl. at ¶ 19. Thus, there is a close nexus between the allegations in the Amended Complaint and those previously raised in her

---

[3] After filing a response to Defendants' motion to dismiss, Dunn filed a supplemental letter to the Court, stating that the EEOC's Charge does not contain a box for hostile work environment. 3/5/14 Letter (doc. 15). Dunn's counsel added the words "hostile work environment." Id. Oddly, she then failed to check that box on the charge. Nevertheless, such a failure to check a box on the charge is not dispositive of the issue. See Butterbaugh v. Chertoff, 479 F. Supp. 2d 485, 499 (W.D. Pa. 2007) ("failure to check a particular box is not fatal to a Title VII action" (citation omitted)).

EEOC charge.  See Smiley, 538 F. Supp. 2d at 720.  I deny Defendants' motion to dismiss Dunn's age-based hostile work environment claim based on exhaustion.

Dunn also has sufficiently pled an age-based hostile work environment claim.  See Defs.' Br. at 14-18.  Dunn, 70 years old, alleges that Fossler, in her 50s, frequently made discriminatory and derogatory remarks about her age, "including but not limited to telling [Dunn] that she would 'forget things because of her age,' that she was 'no good' to Defendant Fossler 'because of [her] age,'" and constantly asking [Dunn] when she planned to retire."  Am. Compl. at ¶¶ 14, 17, 19.  Dunn alleges she was treated differently than her younger co-workers, including being subject to unwarranted discipline.  Id. at ¶ 20.  Taking these allegations as true, and construing them in a light most favorable to Dunn, she has alleged sufficient facts for a plausible hostile work environment claim based on age.  For the reasons stated above, see supra p. 4, Defendants' arguments as to timing or severity are unpersuasive.

Statute of Limitations

Defendants argue that any of Dunn's claims based on conduct that occurred outside of the applicable statutes of limitations should be dismissed.[4]  Defs.' Br. 18-21.  Specifically, as to her ADEA and PHRA claims, Defendants contends that any claim arising more than 300 days prior to Dunn's filing of her EEOC charge should be time-barred, based upon the exhaustion requirements.  See 29 U.S.C. § 626(d)(2) (ADEA claim must be filed with the EEOC within 300 days of allegedly unlawful employment practice); Ruehl v. Viacom, Inc., 500 F.3d 375, 382-83

---

[4] The parties agree that Section 1983 has a two-year statute of limitations period.  Pl.'s Br. at 18; Defs.' Reply at 5 n.4.  Dunn was terminated on September 28, 2012 and filed her original Complaint on October 24, 2013, within the applicable time period.  Although Dunn claims to seek recovery for her wrongful termination and retaliation claims only within the statute period, see Pl.'s Br. at 19, she is seeking discovery on conduct occurred outside the limitations period, see id.


(3d Cir. 2007) ("in deferral states, such as Pennsylvania, the charge must be filed within 300 days of the allegedly illegal act." (citation omitted)).

Dunn cites the continuing violation doctrine, which allows "discriminatory acts that are not individually actionable [to] be aggregated to make out a hostile work environment claim[.]" Mandel, 706 F.3d at 165 (citing O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006)); see Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002)).  This doctrine permits hostile work environment claims to be asserted "at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period."  Mandel, 706 F.3d at 165 (quoting O'Connor, 440 F.3d at 127).  A plaintiff must show that: (1) "at least one discriminatory act occurred within the 300-day period;" and (2) the incidents are a continuing pattern of discrimination, rather than isolated or sporadic acts of intentional discrimination. Horvath v. Rimtec Corp., 102 F. Supp. 2d 219, 230 (D.N.J. 2000) (quoting Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 481 (3d Cir. 1997)).

Although Dunn asserts that her termination occurred within 300 days of her EEOC filing pursuant to the continuing violation doctrine, she fails to allege when or what other acts were part of a pattern of discrimination or linked her termination with any other discrimination.  See Pl.'s Br. at 18, 20.  Without more, it is unclear whether the continued violation doctrine applies.  Thus, I grant Defendants' motion to dismiss any claims before December 10, 2011, 300 days before her October 5, 2012 charge.  See 10/5/12 Charge.

Dunn requests leave to amend her complaint if I find she has not pled enough facts for any or all of her claims.  Pl.'s Br. at 21.  Federal Rule of Civil Procedure 15 allows me to "freely" grant leave to amend when it would serve "justice," see Fed. R. Civ. P. 15, but I may deny leave on a finding of, among other things, futility.  See Jang v. Boston Scientific Scimed,

8

Inc., 729 F.3d 357, 367 (3d Cir. 2013).  To assess futility, I apply the same standard of review as under Rule 12(b)(6).  <u>Walton v. Mental Health Assoc.</u>, 168 F.3d 661, 665 (3d Cir. 1999).

 I grant Dunn's request for leave to file a second amended complaint to sufficiently allege discriminatory acts as a part of a continuing pattern of discrimination outside of the statute of limitations, to which the continuing violation doctrine applies, within 28 days of the accompanying Order.  <u>See</u> Pl.'s Br. at 21.

 An appropriate Order follows.